RICHARDSON COUNTY, PLAINTIFF IN ERROR, V. M. W. MUSSLEMAN, DEFENDANT IN ERROR.

1. **Statutes.** Section 2 of chapter 42 of the Session Laws of 1887 is not repealed or modified by section 1 of chapter 44 thereof.

2. ———: COUNTY CLERK: FEES FOR TAX LIST. Under the provisions of said chapter 42, the county clerk is entitled to four cents per line for preparing the tax list, but is not required to enter the same on his fee book.

ERROR to the district court for Richardson county. Tried below before APPELGET, J.

*Edwin Falloon,* for plaintiff in error.

*Frank Martin,* for defendant in error.

REESE, CH. J.

Defendant in error filed his claims with the county board for compensation for preparing the tax list, as county clerk. The board rejected them, when he appealed to the district court.

Two claims were filed with the county board for $827.20 each. One for " preparing one-half of the tax list for the year 1887, being the duplicate tax list, 20,680 lines, at four cents per line, $827.20." The other for " preparing one-half of the tax list for the year 1887, being the original list of 20,680 lines, at four cents per line, $827.20."

In the district court plaintiff in error filed its answer, alleging, among other things, that defendant in error, during the time he was county clerk, failed to report and pay over the fees in excess of the amount which by law he was entitled to retain, and that upon a dispute arising between him and the county board as to his final settlement, it was

agreed that the sum of $598.75 was due, which sum defendant in error had not paid, and for which judgment was asked.

The cause was tried to the district court without the intervention of a jury, which resulted in a finding, "that there is due plaintiff from defendant, for making out the duplicate tax list, the sum of $827.20, and that plaintiff has received the sum of $598.75." The court finds that there is a balance due plaintiff from defendant of the sum of $228.45. Upon this finding judgment was subsequently entered in favor of defendant in error. The county, as plaintiff in error, brings the cause to this court by proceedings in error.

Section 1 of chapter 42 of the Session Laws of 1887, which is amendatory of section 13 of chapter 28 of the Compiled Statutes, in force at that time, provides that the county clerk shall receive for preparing the tax list four cents per line, including footings and recapitulations. And section 2 provides that all fees shall be entered on the fee book and accounted for, except fees for making out tax list. No complaint is made by defendant in error of the action of the district court in deducting the indebtedness referred to from the amount of his recovery for making the tax list, and the only question presented is, whether or not the district court erred, to the prejudice of the county.

There is no doubt but that the county clerk is entitled to the fees provided for by the act under consideration, and that by the second section of the act he is not required to enter upon the fee book the fees received from the county for making the tax list. But it is contended that the act under consideration is nullified by chapter 44, approved April 4th, which is a substantial re-enactment of section 42 of chapter 28 of the Compiled Statutes, limiting the fees of county clerks. We are unable to see that this contention is well founded. The compensation of county clerks and other county officers is to be regulated by the

40

amount received, as shown by the fee book, which must contain the fees required by law to be reported.

The district court allowed compensation for making the duplicate tax list.

Section 91 of chapter 77 of the Compiled Statutes, entitled "Revenue," provides that, in counties under township organization, the county clerk shall furnish to the township treasurer or collector a duplicate of the tax list of his town or township. But we find nothing in the law authorizing any compensation therefor. The finding of the district court, therefore, should have been that defendant in error was entitled to the compensation for making the tax list, and not the duplicate. The judgment, however, was correct. The fees for making the tax list amounted to $827.20. From this the court deducted the amount due plaintiff in error from defendant in error, and rendered judgment for the excess. We are unable to see that this judgment was erroneous; it is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.