### J. W. RADFORD v. DIXON COUNTY.

[FILED MARCH 11, 1890.]

</div>

County Clerks: DUPLICATE TAX LIST: FEES NOT ALLOWABLE FOR. The county clerk of a county under township organization is entitled to four cents per line for preparing the tax list, but is not entitled to any compensation for the making of a duplicate.

8

ERROR to the district court for Dixon county. Tried below before POWERS, J.

*Davis & Gantt*, for plaintiffs in error, cited: *Erwin v. U. S.*, 37 Fed. Rep., 470; *Kemerer v. State*, 7 Neb., 130; Potter's Dwarris on Statutes, 213, note 25; *U. S. v. Morse*, 3 Story (U. S. C. C.), 87; *Hart v. Stribling*, 6 South. Rep., 455.

*A. E. Barnes*, contra, cited: *State v. Silver*, 9 Neb., 88; *Baya v. Webster County*, 18 Id., 131; *Richardson County v. Mussleman*, 25 Id., 625.

NORVAL, J.

It appears from the agreed statement of facts that Dixon county is under township organization and that the plaintiff in error, as county clerk of said county, made out the tax list for that county for the year 1888, containing 11,369 lines, and delivered the same to the county treasurer. The plaintiff in error also made a duplicate tax list, containing the same number of lines, and delivered it to the township collectors, as required by law. The plaintiff in error presented his claim to the county board for compensation for preparing the tax list and duplicate, claiming 22,738 lines at four cents per line, $909.52. The board of supervisors allowed for making the original tax list the sum of $454.76, or four cents a line for 11,369 lines, but refused to allow anything for making the duplicate list. The district court affirmed the decision of the county board, and the plaintiff brings the case into this court for review by proceedings in error.

There is but one question in this case, and that is, whether a county clerk of a county under township organization is entitled to compensation for making the duplicate tax list.

In *Richardson County v. Mussleman*, 25 Neb., 624, it was held that a county clerk is not entitled to pay for making a duplicate of the tax list. Chief Justice REESE, in the opinion in that case, uses this language: "Section 91 of chapter 77 of the Compiled Statutes, entitled Revenue, provides that in counties under township organization the county clerk shall furnish to the township treasurer or collector a duplicate of the tax list of his town or township. But we find nothing in the law authorizing any compensation therefor. The finding of the district court, therefore, should have been that defendant in error was entitled to the compensation for making the tax list, and not the duplicate."

We are now asked to re-examine and to overrule *Richardson County v. Mussleman, supra*. The only provision for compensation is found in section 13, chapter 28, of the Compiled Statutes, which provides that the county clerk shall receive "For preparing tax list, four cents per line, including footings and recapitulations."

The plaintiff in error contends that he is entitled to pay for making the duplicate as well as the original list. We do not think this contention is well founded. Sections 80, 81, and 82 of the revenue law define a tax list and how it shall be made. Section 83 provides that the tax list shall be delivered to the county treasurer. Section 91 provides that "in counties under township organization the county clerk shall make a duplicate of the tax list for each township and for each city and village not included within the limits of any township. * * * For each duplicate list the county clerk shall attach a warrant directed to the proper treasurer similar to that required in section 83, to be attached to the original tax list," etc. A duplicate is simply a copy of the original. At the time the act providing for compensation for making the tax list was passed, in 1887, the revenue law required, in certain counties, both a tax list and a duplicate thereof. The act providing only

for compensation "for preparing tax list," it is evident that the legislature did not intend to allow pay for making the duplicate.    The law does not authorize any compensation for the making of a duplicate tax list, and none can be recovered.

It is urged that this construction of the statute compels county clerks in counties under township organization to do more work for the same compensation than that paid to clerks in counties under commissioners system.    That is a matter proper for legislative consideration.    The courts have no power to grant relief.    We adhere to the decision of *Richardson County v. Mussleman.*

The judgment of the district court was clearly right and is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.